Samantha C. Grant (SBN 198130)
sgrant@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone:  310 734 5200
Facsimile:   310 734 5299

Whitney Nonnette Perry (SBN 295222)
wperry@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071-1514
Telephone:  213 457 8000
Facsimile:   213 457 8080

Attorneys for Defendant
NORTHROP GRUMMAN SYSTEMS
CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ANTOYNE HUTCHERSON, an individual;<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 through 10, inclusive<br><br>　　　　　Defendant. | Case No.:　　2:25-cv-08808<br><br>**DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(Diversity Jurisdiction: 28 U.S.C. §§ 1332, 1441, 1446)<br><br>(Removed from LASC Case No. 25STCV24561)<br><br>[*Filed concurrently with Civil Cover Sheet, Declarations of Whitney Nonnette Perry, Susie Choung, Trinity Gover-Thomas, Request for Judicial Notice, Certification of Interested Parties, Corporate Disclosure Statement*] |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on this date, Defendant Northrop Grumman Systems Corporation ("Northrop") hereby does remove the above-entitled action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441. Northrop removes this action pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between Plaintiff Antoyne Hutcherson ("Plaintiff"), on the one hand, and Northrop, on the other hand, and the amount in controversy exceeds $75,000. The removal of this action terminates all proceedings in the Superior Court of California for the County of Los Angeles. *See* 28 U.S.C. section 1446(d).

Northrop removes this action to United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446 based on the following:

1. On August 20, 2025, Plaintiff filed a complaint (the "Complaint") entitled *Antoyne Hutcherson v. Northrop Grumman Systems Corporation,* Case No. 25STCV24561, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

2. On August 22, 2025, Plaintiff served Northrop with the Summons and Complaint in the State Court Action. A true and correct copy of the Complaint served on Northrop is attached as **Exhibit A** to the Declaration of Whitney Nonnette Perry ("Nonnette Perry Decl."). A true and correct copy of the Summons served on Northrop is attached to the Nonnette Perry Decl. as **Exhibit B**. Along with the Summons and Complaint, Plaintiff also served Northrop with a Civil Case Cover Sheet and Notice of Case Assignment, which are attached to the Nonnette Perry Decl. as **Exhibits C-D**, respectively.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

3.  On August 25, 2025, the Court issued a Notice of Case Management Conference in the State Court Action. A true and correct copy of the Notice of Case Management Conference is attached to the Nonnette Perry Decl. as **Exhibit E**.

4.  On August 26, 2025, Northrop filed and served an Answer in the State Court Action. A true and correct copy of the Answer is attached to the Nonnette Perry Decl. as **Exhibit F**.

5.  **Copies of All Process, Pleadings and Orders.** The Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, and Answer (Exhibits A-F to the Nonnette Perry Decl.) constitute all process, pleadings and orders in the State Court Action within the meaning of 28 U.S.C. section 1446(a).

6.  **All Named Defendants Join in Removal.** Northrop is the only named defendant in this action and the only defendant served with the Summons and Complaint, so there are no other parties to join in this Notice of Removal. 28 U.S.C. § 1441(a).

7.  **Removal is Timely.**  This Notice of Removal is being filed within thirty (30) days after the State Court Action became subject to removal on August 22, 2025 and within one year of the date the State Court Action was filed on August 20, 2025. Therefore, the Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b).

8.  **Proper Venue.** The United States District Court for the Central District of California is the District within which said Superior Court of California for the County of Los Angeles case is pending.

## DIVERSITY JURISDICTION

9.  This Court has original jurisdiction of this action based upon diversity of citizenship under 28 U.S.C. section 1332.  Northrop may remove the State Court Action to this Court, pursuant to the provisions of 28 U.S.C. section 1441(b), because it is a civil action between citizens of different states and the matter in controversy exceeds

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the sum or value of $75,000, exclusive of interest and costs. Complete diversity of citizenship exists because:

10. **Plaintiff's Citizenship.** Allegations on information and belief as to citizenship are sufficient to support removal. *See Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."). Northrop is informed and believes that Plaintiff is at the time of filing this Notice of Removal and was, at the time of filing his Complaint, a citizen of the State of California, within the meaning of 28 U.S.C. Section 1332(a).    Declaration of Trinity Gover-Thomas ("Gover-Thomas Decl."), ¶ 4. Moreover, this Court has found that "a plaintiff who alleges he or she is a resident of a state in a state court complaint creates a rebuttable presumption of domicile in that state." *Dourian v. Stryker Corp.*, No. CV 12-1790 DSF (CWX), 2012 WL 12893752, at *1 (C.D. Cal. Apr. 25, 2012). Plaintiff concedes in the Complaint that he "At all times relevant for purposes of this Complaint, Plaintiff ANTOYNE HUTCHERSON has been a resident of the State of California." *See* Nonnette Perry Decl., Exh. A, ¶ 2 (emphasis in the original).

11. **Defendant Northrop's Citizenship.** Pursuant to 28 U.S.C. section 1332(c)(1), a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. Northrop is now and was, at the time of filing the State Court Action, a citizen of Delaware and Virginia and not California, as shown below.

12. Northrop is incorporated in the state of Delaware. *See* Nonnette Perry Decl., Exh. A (Complaint), ¶ 3 ("Plaintiff is informed and believes, and thereon alleges that at all times relevant for purposes of this Complaint, Defendant NORTHROP GRUMMAN SYSTEMS CORPORATION ("NORTHROP GRUMMAN") is a Delaware Corporation doing business in the State of California."); Request for Judicial Notice in Support of Removal ("RJN"), Exh. 1; Declaration of Susie Choung ("Choung Decl."), ¶ 2.

DEFENDANT NORTHROP GRUMMAN SYSTEMS
CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

13. Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010). Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 1183. The nerve center "should normally be the place where the corporation maintains its headquarters —provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184. The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

14. Northrop's principal place of business is at the time of filing this Notice of Removal, and was as of the date of the filing of the Complaint in the State Court Action, in the State of Virginia, as established by the following facts: The headquarters, the principal operations center, and the place of Northrop's high level officers who direct and control the operations, as of the date of the filing of the Complaint and now, are in Falls Church, Virginia. *See* Coung Decl., ¶ 3. Its corporate headquarters is in Falls Church, Virginia. *Id.* Northrop's headquarters is where most of the executives have their offices, where the administrative and financial officers are located, and where most of the day-to-day control of the business is exercised. *Id.*; RJN at Exh. 1. As such, Northrop is a citizen of the State of Delaware and the State of Virginia and is not a citizen of the State of California. Therefore, Plaintiff and Northrop are citizens of different states.

15. **<u>The Amount in Controversy Exceeds $75,000</u>.** Where a plaintiff does not specify a particular amount of damages in the Complaint, a removing defendant must show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Therefore, Northrop needs to show only that there is a "reasonable probability that the stakes exceed," $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obliged to

– 5 –

research, state and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377.

16.    The amount in controversy is based on the assumption that a plaintiff's allegations are true and that a plaintiff will prevail on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

17.    **Damages Sought.**   Here, without admitting the validity of Plaintiff's causes of action (all of which are expressly denied by Northrop), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Although Plaintiff does not pray for a specific dollar amount in his Complaint, he alleges causes of action under the Fair Employment and Housing Act ("FEHA") and damages for: (1) Race Discrimination; (2) Race Harassment; (3) Retaliation; (4) Whistleblower Retaliation; (5) Wrongful Termination; (6) Failure to Prevent Discrimination and Harassment; and (7) Sexual Harassment. *See* Nonnette Perry Decl., Exh. A (Complaint).

In his Complaint, Plaintiff alleges that he has suffered economic harm in the form of lost income and benefits as a result of Northrop's purported unlawful termination of his employment and seeks damages for loss of income and benefits. *See id.*, Exh. A (Complaint), ¶¶ 85, 102, 112, 127, 140, Prayer, ¶ 1. Plaintiff also alleges emotional distress and seeks related damages. *See id.*, Exh. A (Complaint), ¶¶ 71, 86, 103, 113, 128, 141, Prayer, ¶ 2. In addition, Plaintiff seeks attorneys' fees. *See id.*, Exh. A

DEFENDANT NORTHROP GRUMMAN SYSTEMS
CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(Complaint) ¶¶ 72, 87, 104, 129, 142, Prayer, ¶ 4. Finally, Plaintiff seeks punitive damages. *See id.*, Exh. A (Complaint) ¶¶ 73, 88, 105, 114, 114, Prayer ¶ 3. The amount-in-controversy requirements of 28 U.S.C. section 1332(a) exclude only "interest and costs." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Based on Plaintiff's allegations and prayer, that amount exceeds $75,000.

18. **<u>Lost Earnings and Other Employment Benefits</u>**. In his Complaint, Plaintiff alleges lost wages and benefits. *See* Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 85, 102, 112, 127, 140, Prayer, ¶ 1. At the time of Plaintiff's separation from Northrop on May 23, 2025, he was working full-time, and earning a base pay of $1,483.20 weekly. *See* Gover-Thomas Decl., ¶ 3. A reasonable estimate of Plaintiff's claimed lost wages from the time of the termination of his employment (May 23, 2025) through trial, assuming the trial takes place one year from the date of this removal would be **$100,857.60** based on Plaintiff's base pay and 68 weeks of lost wages. *Id.*; s*ee Chavez*, 888 F.3d at 416 (holding that, for purposes of diversity jurisdiction, "the amount in controversy encompasses all relief a court may grant on that complaint if the plaintiff is victorious" including both past and future lost wages). This amount of potential compensatory damages does not include recoverable lost employment benefits, and the other potential damages Plaintiff seeks, as set forth below, which increases alleged Plaintiff's economic losses.

19. **<u>Compensation for Emotional Distress</u>**. The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, Plaintiff seeks emotional distress damages, resulting from the alleged wrongful termination, discrimination, and retaliation. *See* Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 71, 86, 103, 113, 128, 141, Prayer, ¶ 2. Indeed, Plaintiff alleges that he "has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and

DEFENDANT NORTHROP GRUMMAN SYSTEMS
CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

has incurred and will likely incur, medical expenses as a result." *Id*. at ¶¶ 71, 86, 103, 113, 128, 141.

20. **<u>Comparable Cases</u>**. A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in wrongful termination cases. *See, e.g., Stallworth v. City of Los Angeles*, Los Angeles Sup. Ct., Case No. BC341480 (awarding $100,000 in emotional distress damages on discrimination and retaliation claims). Thus, if Plaintiff is able to prove his claims at trial, it is conservative to estimate that Plaintiff will seek, and the jury may award, at least **$75,000** for emotional distress damages.

21. **<u>Punitive Damages</u>**. Plaintiff also seeks punitive damages. *See* Complaint, ¶¶ 73, 88, 105, 114, 114, Prayer ¶ 3. Punitive damages are recoverable in discrimination actions. *See Commodore Home Systems, Inc. v. Superior Court,* 32 Cal. 3d 211, 221 (1982). Punitive damages should be considered when determining the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Here, as shown above, Plaintiff is seeking compensatory general damages of at least $175,857.60 ($100,857.60 in lost wages plus at least $75,000 in emotional distress damages). Although *State Farm* found a 2:1 ratio to be "instructive," applying a more conservative 1:1 ratio of Plaintiff's compensatory (wages and emotional distress) with a potential punitive damages award, for the purpose of determining jurisdiction, it is reasonable to find that based on the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT NORTHROP GRUMMAN SYSTEMS
CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

allegations in his Complaint, **Plaintiff has put at least $175,857.60 in punitive damages in controversy.** Therefore, before taking into account his attorneys' fees demand, Plaintiff has conservatively placed $351,715.20 in controversy ($175,857.60 for alleged lost wages and emotional distress and $175,857.60 in punitive damages).

22.  **Attorneys' Fees**. Plaintiff also seeks to recover attorneys' fees. Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 72, 87, 104, 129, 142, Prayer, ¶ 4. Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether an award is discretionary or mandatory). This must include all attorney's fees likely to be incurred through trial of an action. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

Federal courts in California have granted motions for attorney's fees in similar garden variety employment cases for hours ranging from 500 to 1,200. *See e.g., Perona v. Time Warner Cable*, No. EDCV1402501MWFSPX, 2016 WL 8941101, at *12 (C.D. Cal. Dec. 6, 2016) (awarding attorneys' fees for 1,205.3 billed hours in the amount of $742,260); *Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6503308, at *14 (N.D. Cal. Dec. 11, 2013) (awarding attorneys' fees for 502 billed hours in the amount of $386,235); *Leuzinger v. Cty. of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009) (awarding attorneys' fees for 550 billed hours in the amount of $735,500.50). Here, one of Plaintiff's three attorneys of record, Omid Nosrati, has represented under oath in court filings to having an hourly rate of $750.00 as of 2023. *See* RJN, Exh. 2, ¶ 34. Accordingly, assuming Plaintiff's counsel bills at least 250 hours in this case through trial at Mr. Nosrati's stated hourly rate, an extremely conservative estimate of the **attorneys' fees that are likely to be sought in this case is at least $ 262,500.**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

22. Based on Plaintiff's allegations and his prayer for relief, a reasonable estimate of **the amount in controversy is $614,215.20**, which far exceeds the $75,000 jurisdictional threshold.

23. A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties as required by 28 U.S.C. section 1446(d), and an appropriate notice of compliance with 28 U.S.C. section 1446(d) also shall be served and filed in the above-entitled Court.

WHEREFORE, Northrop hereby removes the above-entitled civil action from the Superior Court of the State of California for the County of Los Angeles to this Court.

DATED:  September 16, 2025           REED SMITH LLP


By:    /s/ Whitney Nonnette Perry
SAMANTHA C. GRANT
WHITNEY NONNETTE PERRY
Attorneys for Defendant
NORTHROP GRUMMAN SYSTEMS
CORPORATION

– 10 –